796 P.2d 1132

In the Matter of the Application of
**METROPOLITAN
INVESTMENTS, INC.**

**Johnnie GARBAGNI,
Plaintiff–Appellant,**

v.

**METROPOLITAN INVESTMENTS,
INC., Defendant–Appellee,**

and

**S.E. Reynolds, State Engineer,
Party in Interest.**

**Nos. 10570, 10705.**

Court of Appeals of New Mexico.

June 19, 1990.

Certiorari Denied July 31, 1990.

438

Narciso Garcia, Jr. Toulouse, Toulouse & Garcia, P.A., Albuquerque, for plaintiff-appellant.

Jonathan L. Jantzen, Lester K. Taylor, Robert J. Nordhaus, Nordhaus, Haltom, Taylor, Taradash & Frye, Albuquerque, for defendant-appellee.

Ann Finley Wright, Sp. Asst. Atty. Gen., Santa Fe, for party in interest.

OPINION

DONNELLY, Judge.

These consolidated appeals involve the question of whether plaintiff (protestant) properly perfected appeals from a decision of the state engineer denying the protest of applicant's petition to change the location and purpose of a water right. We affirm the orders dismissing the two appeals.

Metropolitan Investments, Inc. (applicant) filed an application seeking a permit from the state engineer to change the place and purpose of the use of shallow ground water in the Rio Grande Basin. Protestant, together with several other individuals, contested applicant's request for issuance of the permit.

Following a hearing on the application and protests, on October 19, 1987, the state engineer approved applicant's petition. That same day, a copy of the state engineer's decision was sent by certified mail to protestant's attorney. No notice of the decision was sent directly to protestant. Thereafter, protestant employed new counsel and, on November 12, 1987, filed notices of appeal from the administrative decision with the district courts of both Bernalillo and Sandoval Counties. *See* NMSA 1978, § 72-7-1(B) (Repl.1985). Protestant filed in both counties because he reasoned that the state engineer's decision affected underground water rights in each of the two counties.

Protestant timely served a notice of appeal on the state engineer, but did not serve applicant's registered agent with copies of the notices of appeal until December 28, 1987. Both applicant and the state engineer filed motions to dismiss the appeals in both the Bernalillo and Sandoval District Courts on the ground that protestant had failed to timely serve a notice of appeal on the applicant within the thirty-day statutory time period specified by Section 72-7-1(B). Both district courts granted the motions to dismiss.

VALIDITY OF APPEALS

Protestant argues that it was error to dismiss his appeals and that he substantially complied with the requirements of

Section 72–7–1 in perfecting his appeals from the decision of the state engineer. Specifically, protestant asserts that Section 72–7–1(B) mandates that he personally, not his attorney, must be notified of the state engineer's decision by certified mail. He contends that absent his receipt of personal notice of the state engineer's decision, the thirty-day time period for him to perfect·an appeal did not begin to run. *See In re Application of Angel Fire Corp.*, 96 N.M. 651, 634 P.2d 202 (1981).

Section 72–7–1 provides in applicable part:

A. Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may appeal to the district court of the county in which the work or point of desired appropriation is situated.

B. *Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act.* If an appeal is not timely taken, the action of the state engineer is conclusive.

C. *The notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication is [in] some newspaper printed in the county or water district in which the work or point of desired appropriation is situated, once a week for·four consecutive weeks.* * * * Proof of service of the notice of appeal shall be made in the same manner as in actions brought in the district court and shall be filed in the district court within thirty days after service is complete. At the time of filing the proof of service and upon payment by the appellant of the civil docket fee, the clerk of the district court shall docket the appeal. [Emphasis supplied.]

Section 72–7–1(B) specifically deals with the time period in which an appeal from the state engineer's decision can be brought in district court. In *Angel Fire*, the supreme court construed Section 72–7–1 and held that service of the notice of appeal by an appellant upon counsel representing other interested parties, is insufficient to satisfy the requirements of Section 72–7–1, if service is not also made upon each of the parties themselves. In reaching this conclusion, the court noted that Section 72–7–1 prescribed an administrative procedure for taking a case out of the administrative framework into the judicial system for review, and that:

Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme, cumbersome as it may ·be. * * *

* * * * * *

The statute requires service on all interested parties within thirty days. *Thus, service on counsel will not suffice if service is not also made on the actual parties to the litigation.* [Emphasis supplied.]

*Id.*, 96 N.M. at 652–3, 634 P.2d at 203–4.

Under the ruling in *Angel Fire*, it is clear that a party desiring to perfect an appeal from the decision of the state engineer must timely obtain service of a copy of the notice of appeal directly upon each of the parties of record, and that service of a copy of notice of appeal upon counsel of record is insufficient to comply with the requirements of the statute.

We believe the decision in *Angel Fire* and the language of Section 72–7–1 do not similarly mandate that service of a copy of the decision of the state engineer must be made upon parties of record in such proceedings, where an applicant or protestant is represented by counsel in such administrative proceedings and service is in fact made upon the attorney.

 Unless otherwise required by statute, the choice of methods for informing interested parties of the agency's decision is committed to the discretion of the agency, and its choice will be upheld if it is reasonably designed to provide timely notice. *International Union of Elec., Radio & Mach. Workers, AFL–CIO–CLC v.*

*NLRB*, 610 F.2d 956 (D.C.Cir.1979). Actual service upon, or the mailing of a copy of the decision by certified mail, to each party or its attorney of record is sufficient where the manner of service is not otherwise specifically mandated by statute. *Cf.* NMSA 1978, § 12–8–12(A) (Repl.Pamp.1988) (Administrative Procedure Act); *Marinchek v. Paige*, 108 N.M. 349, 772 P.2d 879 (1989) (notice to counsel satisfies due process).

Here, notice of the decision of the state engineer was provided to protestant by the state engineer's act of sending a written copy of the decision by certified mail to protestant's attorney of record. Section 72–7–1(B) provides that decisions of the state engineer shall be served upon interested parties by certified mail. We find no impropriety in the manner by which notice of the decision of the state engineer was given to protestant. The opinion in *Angel Fire* construes Section 72–7–1 relating to the method by which service of notice of appeal must be obtained upon parties of record by an appellant seeking to perfect an appeal from the decision of the state engineer. *Angel Fire*, however, relies on specific language in Section 72–7–1(C) describing how to serve the notice of appeal. In contrast, no portion of Section 72–7–1 deals with whether the notice of decision must be mailed to a party, rather than to the party's attorney. We do not construe *Angel Fire* or Section 72–7–1 to require that the state engineer must also serve a copy of his decision upon a party of record, where a copy of the decision has been sent by certified mail to a party's attorney of record.

Under Section 72–7–1, notice of the decision of the state engineer which has been effected by sending a copy of the decision by certified mail to a party's counsel of record, constitutes proper notice to the party. Here, we determine that the thirty-day period within which to perfect an appeal from the decision of the state engineer was triggered by the receipt by protestant's attorney of record, of a copy of the decision. § 72–7–1.

■ We now turn to the issue of whether protestant's efforts to serve applicant with a copy of the notice of appeal were sufficient to satisfy the requirements of Section 72–7–1(B). Where the legislature has established statutory steps for perfecting an appeal from an administrative proceeding, compliance with such requirements is jurisdictional. *In re Application of Angel Fire Corp.; In re Application No. 0436–A Into 3841*, 101 N.M. 579, 686 P.2d 269 (Ct.App.1984). Section 72–7–1(B) provides that appeals from decisions of the state engineer to the district court "shall be taken by serving a notice of appeal upon the state engineer and [upon] all parties interested within thirty days after receipt by certified mail of notice of the decision." *Id.; see also In re Application of Angel Fire Corp.* Plaintiff timely served such notice on the state engineer, however, the record is devoid of any evidence indicating that timely service of the notice of appeal was obtained upon the applicant. *See* § 72–7–1(C).

■ Protestant argues that the district courts should have viewed his failure to timely serve applicant as excusable neglect and enlarged the period of time to obtain service, thereby upholding protestant's right to appeal. *See* SCRA 1986, 1–006(B)(2). We do not agree. Protestant's brief-in-chief contains factual assertions which are not of record regarding problems allegedly encountered in attempting to obtain service of the notice of appeal upon applicant. An appellate court can properly consider only those facts which appear in the record on appeal. *Boucher v. Foxworth–Galbraith Lumber Co.*, 105 N.M. 442, 733 P.2d 1325 (Ct.App.1986). The motion of the state engineer to strike those portions of the protestant's docketing statement which are not supported by the record is granted. *See In re Sundance Mountain Ranches, Inc.*, 107 N.M. 192, 754 P.2d 1211 (Ct.App.1988). Accordingly, we do not consider the matters contained in the docketing statement or brief-in-chief which are outside the record.

■ Similarly, although the affidavit of Tolouse–Megah submitted by protestant details alleged difficulties encountered by the process server in obtaining service

upon applicant, it does not allege that the process server's efforts occurred within the statutorily allotted time period. *See* § 72–7–1(B). In arguments at the motion-to-dismiss hearing before Judge Brown, counsel for protestant alluded to the problems her office encountered in serving the notice of appeal on applicant. However, arguments of counsel are not evidence. *See Fitzsimmons v. Fitzsimmons,* 104 N.M. 420, 722 P.2d 671 (Ct.App.1986).

■■■■ Protestant also argues that the provisions of Rule 1–006(B)(2) and SCRA 1986, 1–004(F) ("Service shall be made with reasonable diligence") are applicable to the instant case. This contention, however, runs counter to the rule of statutory construction that when a statute deals with a subject in general terms and another deals specifically with the same subject, the specific statute will be considered an exception to the general statute and will govern. *See Production Credit Ass'n of S. New Mexico v. Williamson,* 107 N.M. 212, 755 P.2d 56 (1988). Section 72–7–1(B) specifically deals with the time limits for serving a notice of appeal from a decision of the state engineer and is controlling over other general statutes relating to the same subject. *Id.* Moreover, in *Angel Fire,* the supreme court held the provisions of Section 72–7–1 insofar as they relate to the method for perfecting an appeal from a decision of the state engineer, are mandatory. Hence the trial courts are without authority to extend a period of time fixed by statute. *See Mathieson v. Hubler,* 92 N.M. 381, 588 P.2d 1056 (Ct.App.1978).

■■■ Protestant argues, however, that a rigid interpretation of Section 72–7–1(B) would lead to situations where a party to such proceeding could frustrate an opposing party's right to appeal merely by absenting himself from service. The answer to this contention is that Section 72–7–1(C) expressly provides that the notice of appeal may be served "in the same manner as a summons in civil actions brought before the district court *or by publication is [in] some newspaper printed in the county or water district in which the work or point of desired appropriation is situated.*

* * *" (Emphasis supplied.) Thus, where a party absents himself or avoids service following issuance of a decision of the state engineer, notice of appeal may, in appropriate cases, be obtained by publication. *See* R. 1–004(H). Rule 1–004 also provides various other methods of effecting service on those who attempt to evade being served.

■■■■ Protestant additionally argues that the manner in which the state engineer's decision was communicated, together with the dismissals of his appeals by the district courts, were tantamount to an adjudication of his water rights. *See State ex rel. Reynolds v. Lewis,* 84 N.M. 768, 508 P.2d 577 (1973). Water rights must be perfected by making application with and obtaining approval from the state engineer and by establishing a valid right. *See* N.M. Const. art. XVI, § 2; NMSA 1978, § 72–1–2 (Repl.1985). Moreover, NMSA 1978, Section 72–4–19 (Repl.1985), provides that upon the adjudication of water rights, a certified copy of the decree shall be prepared and filed in the state engineer's office by the court clerk; and that the decree shall declare, among other things, the priority, amount, purpose, periods and place of use. *See id.* In the instant case, applicant's petition sought to change the purpose and place of use of its existing rights. While the state engineer's decision does mention protestant's well, it does not purport to adjudicate protestant's right to such well and does not carry the effect of a court-effected adjudication. *Id.* Therefore, we do not construe the state engineer's decision as an adjudication of protestant's water rights. *Id.* We need not decide whether the decision could have some future collateral estoppel effect.

■■■ Finally, we do not agree with protestant that due process required that he be personally served with the notice of the state engineer's decision. *See Marinchek v. Paige.* The Sandoval County District Court held a hearing on the motions to dismiss protestant's appeal. Although protestant could have presented evidence regarding his inability to timely serve applicant with a notice of appeal, *see* Section 72–7–1(B), protestant presented no evi-

dence. Nor has protestant indicated why constructive service could not have been obtained as provided by Section 72–7–1(B).

■ With respect to protestant's Bernalillo County appeal, because protestant failed to respond to the state engineer's motion, the state engineer filed a motion to waive the local rules requiring a hearing on the motion to dismiss. Protestant's only response was to file an affidavit alleging that he had not received notice of the state engineer's decision by certified mail. Under these circumstances, we cannot say that protestant's due process rights were violated. *See James v. Brumlop,* 94 N.M. 291, 609 P.2d 1247 (Ct.App.1980) (due process clauses of the federal and state constitutions require that no litigant suffer judgment without being given notice and an opportunity to be heard). *See also National Excess Ins. Co. v. Bingham,* 106 N.M. 325, 742 P.2d 537 (Ct.App.1987).

The dismissals of protestant's appeals are affirmed. The state engineer's request for oral argument is denied.

IT IS SO ORDERED.

APODACA and HARTZ, JJ., concur.