899 P.2d 608

**EL DORADO UTILITIES, INC., and Eldorado at Santa Fe, Inc., Plaintiffs–Appellants,**

v.

**GALISTEO DOMESTIC WATER USERS ASSOCIATION, et al., Defendants–Appellees,**

and

**New Mexico State Engineer, Eluid L. Martinez, Defendant–Appellee.**

**No. 15551.**

Court of Appeals of New Mexico.

May 11, 1995.

Peter B. Shoenfeld, Peter B. Shoenfeld, P.A., Santa Fe, for plaintiffs-appellants.

Eric Ames, Burnett Law Firm, Santa Fe, for defendants-appellees Galisteo Domestic Water Users Ass'n, et al.

Tom Udall, Atty. Gen., David L. Sanders, Sp. Asst. Atty. Gen., Santa Fe, for defendant-appellee Eluid L. Martinez.

## OPINION

HARTZ, Judge.

After an adverse decision in a proceeding before the state engineer, Appellants filed an appeal in Santa Fe County District Court. The district court dismissed the appeal on the ground that it lacked jurisdiction because of Appellants' failure to serve the notice of appeal on the attorney general within the required time. Appellants appeal the dismissal. We reverse.

Although time limitations for filing a notice of appeal are conceptually similar to statutes of limitations governing the time for filing complaints for relief, courts traditionally speak of time limitations for filing a notice of appeal as being "jurisdictional."[1] *See, e.g., Department of Banking v. Pink,* 317 U.S. 264, 268, 63 S.Ct. 233, 235, 87 L.Ed. 254 (1942); *Teague v. Regional Comm'r of Customs,* 394 U.S. 977, 981–82, 89 S.Ct. 1457, 1460–61, 22 L.Ed.2d 756 (1969) (Black, J., dissenting from denial of certiorari). In keeping with this terminology, New Mexico courts have been particularly strict in enforcing time limitations for appeals from administrative agencies to courts. If the steps required by statute to effect an appeal are not accomplished within the prescribed time, the attempted appeal will be dismissed with prejudice. As our Supreme Court has stated in ordering dismissal of an appeal from the state engineer to district court:

> Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme, cumbersome as it may be.

*In re Application of Angel Fire Corp.,* 96 N.M. 651, 652, 634 P.2d 202, 203 (1981).

The statute at issue in *Angel Fire* was NMSA 1978, Section 72–7–1 (Repl.1985), the same statute that governs this case. The pertinent subsections of Section 72–7–1 state:

> A. Any applicant or other party dissatisfied with any decision, act or refusal to act of the state engineer may appeal to the district court of the county in which the work or point of desired appropriation is situated.
>
> B. Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.
>
> C. The notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication is [in] some newspaper printed in the county or water district in which the work or point of desired appropriation is situated, once a week for four consecutive weeks. The last publication shall be at least twenty days prior to the date the appeal may be heard. Proof of service of the notice of appeal shall be made in the same manner as in actions brought in the district court and shall be filed in the district court within thirty days after service is complete. At the time of

---

1. Sometimes courts speak of the timeliness of an appeal as being necessary for subject matter jurisdiction, *see Russell v. University of N.M. Hosp./Bernalillo County Medical Ctr.,* 106 N.M. 190, 193, 740 P.2d 1174, 1177 (Ct.App.), *cert. denied,* 106 N.M. 174, 740 P.2d 1158 (1987), but the term "subject matter jurisdiction" ordinarily "refers only to the kinds of controversies a court may adjudicate." Restatement (Second) of Judgments § 11 cmt. a (1980). Our Supreme Court now speaks of appellate time limits, at least when imposed by court rules rather than by statutes, as "mandatory preconditions to the exercise of jurisdiction." *Trujillo v. Serrano,* 117 N.M. 273, 277, 871 P.2d 369, 373 (1994). In any event, the nomenclature used is not material to this decision.

filing the proof of service and upon payment by the appellant of the civil docket fee, the clerk of the district court shall docket the appeal.

*Angel Fire* held that the district court did not have jurisdiction in that case because the party appealing from the state engineer's decision had not served the prevailing party within the 30–day period set forth in Section 72–7–1(B).

■ The state engineer contends that the case presently before us is controlled by *Angel Fire* because Appellants failed to comply with Section 72–7–1(B). In particular, he claims that Appellants did not timely serve the state engineer in the proper manner, namely, by also serving the attorney general. He relies on (1) NMSA 1978, Section 38–1–17 (Repl.Pamp.1987), which requires service upon the attorney general any time the state, or one of its agencies, officers, or employees is named as a "party defendant," and (2) SCRA 1986, 1–004(F)(3) (Repl.1992), which is to like effect. We assume, without deciding, that in this case the state engineer is a "party defendant" within the meaning of Section 38–1–17 and SCRA 1–004(F)(3). We may then infer that Section 38–1–17 and SCRA 1–004(F)(3) require that service upon the state engineer include service upon the attorney general.

■ But failure to comply with Section 38–1–17 and SCRA 1–004(F)(3) does not necessarily imply failure to comply with Section 72–7–1(B). Under Section 72–7–1(C), service of the notice of appeal may be "in the same manner as a summons in civil actions brought before the district court [in which case, presumably, the attorney general would need to be served] *or by publication is [in] some newspaper printed in the county or water district in which the work or point of desired appropriation is situated, once a week for four consecutive weeks.*" (Emphasis added.) The statute provides for two modes of service—(1) in accordance with law governing service in civil actions or (2) by publication. Service by publication satisfies Section 72–7–1(B) even if such service would not satisfy the requirements for service of "summons in civil actions brought before the district court." The two modes of service are

equally acceptable alternatives under the statute.

The state engineer does not dispute that Appellants published notice in compliance with Section 72–7–1(C). Having satisfied the statutory requirement for service, Appellants accomplished all that was necessary for the district court to have jurisdiction over the appeal.

The state engineer's error is failing to distinguish between (1) the steps that Section 72–7–1 requires be taken before a district court has jurisdiction to hear an appeal from a decision by the state engineer and (2) the steps that must be taken for the district court to have authority to render a judgment against a particular party—the state engineer. The error is an easy one to make. Confusion may arise because under Section 72–7–1(B), as explicated in *Angel Fire,* an act generally thought of as necessary for the court to acquire authority to render *judgment against a particular party*—service of process on the party—is necessary for the court to acquire jurisdiction to hear the appeal and render *any judgment* in the case. In the typical civil case in district court, failure to serve a party with process in a proper manner generally means only that the court has no power over that party and cannot render judgment binding that party; the court's power over other parties is unaffected. *See* Restatement (Second) of Judgments §§ 1, 2 (1980). Under Section 72–7–1(B), in contrast, if service in accordance with Section 72–7–1(C) is not effected on all interested parties within the statutorily prescribed time period, the court has no jurisdiction to hear the case, even as to those interested parties who have been timely served. *Id.* at 653, 634 P.2d at 204. In other words, under Section 72–7–1(B) failure to serve *one* party deprives the court of any jurisdiction at all, so that the court has no authority over *any* party.

■ One might therefore draw the inference that the full scope of the requirement that parties be properly served with process has been incorporated into the preconditions for district court jurisdiction set forth in Section 72–7–1(B). When one appreciates, however, that the purpose of the general

laws governing service of process is to govern only the court's authority to render judgment against individual parties rather than to limit the court's jurisdiction to hear the case, such an inference can be recognized as reading too much into *Angel Fire*. Although *Angel Fire* states that *service in accordance with the statute* must be effected on all parties in a timely manner for the district court to have jurisdiction, it does not say that *service in accordance with other applicable laws* (the constitution, rules of court, or other statutes) must be effected on all parties within the statutory 30–day period for the court to have jurisdiction to hear the appeal. To be sure, the district court may not have authority to render a judgment against a particular party to the appeal unless the party is served with process in accordance with the requirements of the constitution, court rules, and statutes other than Section 72–7–1. *See* Restatement, *supra*, § 2(1)(c).[2] Nonetheless, such service need not necessarily be accomplished within the thirty-day period established by Section 72–7–1. As long as the service required by Section 72–7–1 is accomplished within thirty days, any additional laws governing service can be satisfied at a later date. When service on all parties is in accordance with the statute but service on a particular party is not sufficient under other applicable laws, the district court will have jurisdiction to hear the case (because of compliance with the statute) but it will have no power over that party until that party is properly served. If, on the other hand, that party had not been served in compliance with the statute, the consequences to the would-be appellant would be much more severe. The district court then would lack jurisdiction over the appeal and the would-be appellant could not obtain any relief against anyone (even another party who was served in accordance with the statute).

The distinction between (1) jurisdiction over an appeal and (2) power over a party named in the appeal was pointed out many years ago in *Pankey v. Hot Springs National Bank,* 42 N.M. 674, 84 P.2d 649 (1938). The Court wrote: "[I]t seems that we have jurisdiction of the 'cause' upon the allowance of the appeal. But we do not have jurisdiction of the appellee until the notice of appeal is served, unless waived." *Id.* at 682, 84 P.2d at 654. The distinction was also made in *Commercial Standard Insurance Co. v. Hitson,* 73 N.M. 328, 388 P.2d 56 (1963). After resolving other matters raised by the appeal, our Supreme Court stated that it could not address an issue relating solely to an appellee who had not been served with notice of the appeal. *Id.* at 335, 388 P.2d at 60; *see Russell,* 106 N.M. at 193, 740 P.2d at 1177.

In the case before us the district court's dismissal of Appellants' appeal was for lack of jurisdiction over the appeal as a whole. The court did not rule merely that it lacked authority to bind the state engineer. If that had been the scope of the order, (1) the ruling would not have foreclosed Appellants from bringing the state engineer back into the case by effecting proper service on the state engineer (which, in the district court's view, would require service on the attorney general) and (2) the status of the appeal with respect to the other appellees would remain to be determined. Instead, the dismissal was of the entire appeal, with Appellants having no opportunity to reinstate it. This being the substance of the dismissal, the propriety of the dismissal must depend upon whether Appellants complied with the requirements in Section 72–7–1 for service of the notice of appeal. If Appellants complied with the statutory requirements but failed only to effect service in accordance with other applicable law that must be satisfied to obtain power over the state engineer, then the dismissal

---

**2.** When a party moves to be dismissed from a case because of inadequate service of process, *see* SCRA 1986, 1–012(B)(4), (5) (Repl.1992), the motion is often termed a motion to dismiss for lack of personal jurisdiction over the party, *see* SCRA 1–012(B)(2). Although this terminology seldom obstructs the legal analysis, it is more precise to restrict the concept of personal juris-

diction so that it refers only to whether the party has had sufficient contacts with the state to permit the state to exercise jurisdiction over the party. *See* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §§ 1351, 1353 (1990); *compare* Restatement, *supra*, § 2 (adequacy of notice) *with id.* § 5 (jurisdiction over persons).

was improper, although, as noted above, further steps may be necessary for the court to acquire power over the state engineer or other parties.[3]

■ Finally, we address the state engineer's contention that Section 72–7–1(C) did not permit service by publication as a means of obtaining service on the state engineer. He argues that Appellants "could serve the attorney general by publication, only if the attorney general absented himself or otherwise avoided [Appellants'] attempted service." We disagree. Section 72–7–1(C) places no such restriction on the circumstances in which service can be effected through publication. Although the state engineer claims that our opinion in *In re Application of Metropolitan Investments,* 110 N.M. 436, 441, 796 P.2d 1132, 1137 (Ct.App.), *cert. denied,* 110 N.M. 330, 795 P.2d 1022 (1990), supports his position, that opinion did not address what limitations, if any, are imposed on service by publication. Service by publication was addressed in that opinion only in response to the contention that a party could frustrate an opponent's right to appeal by avoiding service. We responded, "[W]here a party absents himself or avoids service following issuance of a decision of the state engineer, notice of appeal may, in appropriate cases, be obtained by publication." *Id.* We had no occasion in *Metropolitan Investments* to decide whether the district court could acquire jurisdiction over an appeal pursuant to Section 72–7–1 when service was effected by publication even when one or more parties were amenable to personal service.

For the above reasons, we conclude that Appellants complied with the requirements of Section 72–7–1 for service of their notice of appeal and that the district court thereby acquired jurisdiction over the appeal. The

district court's order to the contrary must be reversed.

**IT IS SO ORDERED.**

ALARID and BUSTAMANTE, JJ., concur.

---

**3.** Even if the state engineer is a necessary party to the appeal, *see Plummer v. Johnson,* 61 N.M. 423, 427, 301 P.2d 529, 532 (1956), the district court should give Appellants additional time to serve the state engineer, rather than dismissing the appeal at the outset. *See* SCRA 1986, 1–019(A) (Repl.1992) (if indispensable party has not been joined as a party, court shall order that

it be made a party); *C.E. Alexander & Sons v. DEC International,* 112 N.M. 89, 811 P.2d 899 (1991); *cf. State ex rel. Sweet v. Village of Jemez Springs, Inc. City Council,* 114 N.M. 297, 302, 837 P.2d 1380, 1385 (Ct.App.1992) (can join indispensable or necessary party after time to file petition has expired).