2002-NMCA-095

54 P.3d 87

**ANTHONY WATER & SANITATION DISTRICT, Applicant–Appellant,**

v.

**Thomas C. TURNEY, State Engineer for the State of New Mexico, Respondent–Appellee,**

and

**Elephant Butte Irrigation District, et al., Protestants–Appellees.**

No. 22,401.

Court of Appeals of New Mexico.

June 13, 2002.

Certiorari Denied, No. 27,590, Sept. 9, 2002.

Gerald A. Coppler, Coppler & Mannick, P.C., Santa Fe, NM for Applicant–Appellant.

Lee E. Peters, Hubert & Hernandez, P.A., Las Cruces, NM, for Protestants–Appellee Elephant Butte Irrigation District.

Stacey J. Goodwin, Special Assistant Attorney General, D L Sanders, General Counsel, Santa Fe, NM, for Respondent–Appellee.

## OPINION

BUSTAMANTE, Judge.

{1} Anthony Water & Sanitation District (AWSD) appeals the district court's dismissal of its appeal from a decision of the New Mexico State Engineer (State Engineer). The district court dismissed the appeal, finding that it lacked jurisdiction because AWSD failed to perfect its appeal pursuant to NMSA 1978, § 72–7–1(C) (1971). We affirm.

{2} AWSD makes two primary arguments: (1) Rule 1–074 NMRA 2002 rather than the statutory provisions, now controls appeals from decisions of the State Engineer, and (2) even if the statute controls, it does not require that all four instances of publication occur within the thirty-day limit for publication. We decline to address the first argument because it was not preserved below, though we harbor doubt about its validity. We disagree with AWSD's position as to the second argument.

{3} Issues regarding the procedure to effectively appeal decisions of the State Engineer have appeared regularly on appellate court dockets over the last twenty-one years. Our Supreme Court and this Court have repeatedly held that the State Engineer and all other parties must be served a notice of appeal within thirty days after receipt of the final decision of the State Engineer. We have also repeatedly held that the district court does not gain jurisdiction over such appeals unless all parties are served within the thirty-day time frame. Section 72–7–1(B); *In re Application of Angel Fire Corp.*, 96 N.M. 651, 652–53, 634 P.2d 202, 203–04 (1981); *Derringer v. Turney*, 2001–NMCA–075, ¶ 5, 131 N.M. 40, 33 P.3d 40; *El Dorado Utils., Inc. v. Galisteo Domestic Water Users Ass'n*, 120 N.M. 165, 168, 899 P.2d 608, 611 (Ct.App.1995); *In re Application of Metro. Invs., Inc.*, 110 N.M. 436, 440, 796 P.2d 1132, 1136 (Ct.App.1990); *In re Application No. 0436–A Into 3841*, 101 N.M. 579, 581, 686 P.2d 269, 271 (Ct.App.1984).

{4} Section 72–7–1(B) reads:

Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.

Section 72–7–1(C) adds:

The notice of appeal may be served in the same manner as a summons in civil actions brought before the district court or by publication is [in] some newspaper printed in the county or water district in which the work or point of desired appropriation is situated, once a week for four consecutive weeks. The last publication shall be at least twenty days prior to the date the appeal may be heard. Proof of service of the notice of appeal shall be made in the same manner as in actions brought in the district court and shall be filed in the district court within thirty days after service is complete. At the time of filing the proof of service and upon payment by the appellant of the civil docket fee, the clerk

of the district court shall docket the appeal.

Article XVI, § 5 of the New Mexico Constitution addresses appeals from decisions of the State Engineer and provides:

In any appeal to the district court from the decision, act or refusal to act of any state executive officer or body in matters relating to water rights, the proceeding upon appeal shall be de novo as cases originally docketed in the district court unless otherwise provided by law.

{5} In pursuing its appeal, AWSD chose to attempt to serve notice of appeal pursuant to the publication provisions of Section 72–7–1(C). AWSD acknowledges that it failed to accomplish all four instances of publication within thirty days of its receipt of the State Engineer's decision as described in Section 72–7–1(B). In fact, it succeeded in publishing notice only once prior to the statutory deadline for perfecting the appeal. Section 72–7–1(B), (C). As a result the district court specifically held that AWSD failed to perfect service by publication within the thirty days required by Section 72–7–1(B). *See also In re Application of Metro. Invs., Inc.*, 110 N.M. at 441, 796 P.2d at 1137 ("[T]he provisions of Section 72–7–1 insofar as they relate to the method for perfecting an appeal from a decision of the state engineer, are mandatory. Hence the trial courts are without authority to extend a period of time fixed by statute.").

■ {6} AWSD argues that Rule 1–074, which governs appeals to the district court from administrative agencies, controls the filing of the notice of appeal. Because Rule 1–074 requires only that the notice of appeal be filed in the district court within thirty days from the date of the administrative agency's decision and because AWSD did just that, it contends its notice of appeal was timely filed and it does not matter that all parties were not served within thirty days. AWSD bases its argument on a novel reading of our Supreme Court's decision in *Maples v. State*, 110 N.M. 34, 791 P.2d 788 (1990). In *Maples*, the Supreme Court held that on procedural matters such as time limitations for appeals, rules adopted by the Supreme Court governing limitations period for appeal to the judiciary from workers' compensation deci-

sions prevail over an inconsistent statute. *Id.* at 36, 791 P.2d at 790. AWSD argues that Section 72–7–1 is such an inconsistent statute and that AWSD was therefore required to comply only with the requirements set out in Rule 1–074 to perfect its appeal to the district court. *But cf. In re Application of Metro. Invs., Inc.,* 110 N.M. at 440, 796 P.2d at 1136 (holding that Section 72–7–1 statutory provisions specifically dealing with the time limits for serving notice of appeal from decisions of the state engineer were jurisdictional).

{7} AWSD admits that it did not make this argument below and thus failed to preserve the argument for appeal. Rule 12–216(B) NMRA 2002. AWSD urges us to exercise our discretion under Rule 12–216(B)(1) to consider questions involving general public interest that have not been properly preserved. *See also Pineda v. Grande Drilling Corp.,* 111 N.M. 536, 539, 807 P.2d 234, 237 (Ct.App.1991). AWSD asserts that addressing the issue would allow this Court to "clear up years of confusion regarding not just appeals from the state engineer, but from all administrative agencies in New Mexico."

{8} We do not agree with AWSD's arguments that this area of New Mexico law is unclear and should be addressed as a matter of discretion pursuant to Rule 12–216(B)(1). As noted above, New Mexico appellate decisions dealing with appeals of State Engineer decisions under Section 72–7–1 have strongly and consistently applied the statutory requirements. In our estimation, the Supreme Court's discussion of *In re Application of Angel Fire Corp.* in *Maples* does not confuse the interplay between Rule 1–074 and Section 72–7–1 or cast sufficient doubt on the vitality of our prior cases for us to overlook AWSD's complete failure to make its argument below. This is particularly true inasmuch as Rule 1–074 contemplates an appellate review proceeding in the district court whereas appeals from the State Engineer are constitutionally required to be tried de novo. *See* N.M. Const. art. XVI, § 5. Thus, we question the assertion that State Engineer appeals were simply overlooked when the Supreme Court adopted Rules 1–074 to –077 NMRA 2002.

{9} AWSD's more compelling argument is that Section 72–7–1 only requires one publication within the thirty-day period and permits the other three publications to be outside that time. Otherwise, AWSD argues, the publication requirement will be nearly impossible to meet, a result the legislature could not have contemplated. Even though AWSD's argument has some surface appeal, on close analysis, it must fail.

■ {10} Section 72–7–1(B) plainly states that "serving a notice of appeal ... [must be] within thirty days after receipt ... of ... the decision.... If an appeal is not timely taken, the action of the state engineer is conclusive." Section 72–7–1(C) just as plainly states that service may be made by either serving in the same manner as summons in civil actions or "publication is [in] some newspaper printed in the county or water district ... once a week for four consecutive weeks." The first rule of statutory construction is that the plain language of the statute is the primary indicator of legislative intent and is to be followed. *See High Ridge Hinkle Joint Venture v. City of Albuquerque,* 1998–NMSC–050, ¶ 5, 126 N.M. 413, 970 P.2d 599. Also, if the meaning of a statute is clear, this Court is not to second guess the policy choice made by the legislature. *See State ex rel. State Engineer v. Lewis,* 121 N.M. 323, 325, 910 P.2d 957, 959 (Ct.App. 1995).

{11} The statute requires service in thirty days. Service is defined as publication four times–once a week for four consecutive weeks. Strict, full compliance with the service-of-notice portion of the statute has long been required by our cases. *See Derringer,* 2001–NMCA–075, ¶ 5, 131 N.M. 40, 33 P.3d 40, and cases cited therein. *El Dorado Utils., Inc.* and *In re Application of Angel Fire Corp.,* for example, both required that all parties be actually served with the notice of appeal within the thirty-day time frame of the statute. To be consistent, we believe the statute requires completion of publication within thirty days.

{12} We are not impressed with AWSD's argument about hardship or the impossibility of complying with the statute. While compliance may be difficult, particularly for those

who delay preparation until the Engineer's decision is actually received, it is not impossible. AWSD made the conscious choice to serve by publication, rather than serve in the manner of summons in civil actions. AWSD appears to contend that it would have been difficult for it to ascertain the addresses of all of the parties to serve in the manner of summons in civil actions in the thirty days between receipt of the decision and when the notice of appeal was required to be served. However, nothing precluded AWSD from ascertaining addresses during the pendency of the action before the State Engineer or at least when the hearing examiner issued his adverse recommendation, which was September 25, 2000. It took the State Engineer another month to adopt the recommendation, and notice of it was not mailed until November 7 and received on November 13.

{13} The same time could have been profitably used to analyze the ruling and determine whether to appeal. Then, service could have been timely accomplished, even by publication. We note that the plain words of the statute do not require that publication be on the same day of each week. In fact, the legislature may have preferred that publication be made on different days of the week so as to reach the maximum number of people. Thus, in this case, service could have been accomplished in the alternative way provided by statute had AWSD been more efficient.

{14} AWSD also argues that neither the State Engineer nor Elephant Butte Irrigation District (EBID) was prejudiced by the failure of the other parties to receive the statutorily required notice within the statutorily required thirty days because the State Engineer and EBID received actual notice by virtue of AWSD's mailing a courtesy copy to them. However, actual notice is irrelevant when the statute requires service on the party in the same manner as civil summons or publication in a certain way. *See In re Application of Angel Fire Corp.*, 96 N.M. at 653, 634 P.2d at 204. Furthermore, actual notice to two parties is irrelevant when the statute requires all parties to be served and our cases have held that the failure to serve even one party divests the court of jurisdiction to hear the appeal. *See El Dorado Utils., Inc.*, 120 N.M. at 168, 899 P.2d at 611.

{15} Finally, AWSD argues that under Rule 12–216(B) subject matter jurisdiction is never precluded from review by appellate courts. AWSD's argument is unavailing. Matters having the effect of denying the existence of subject matter jurisdiction-the power of a court to hear and decide matters-cannot be waived and may be raised at any time. *Chavez v. County of Valencia*, 86 N.M. 205, 209, 521 P.2d 1154, 1158 (1974). AWSD, however, seeks to do the opposite; it seeks to create jurisdiction with new arguments. We are not aware of any authority, and AWSD cites none, that would excuse lack of preservation in this context. The policy reasons supporting the rule we have recognized certainly do not apply.

{16} The decision of the district court is affirmed.

{17} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and CYNTHIA A. FRY, Judges.