2005-NMCA-002

105 P.3d 314

**HOPE COMMUNITY DITCH ASSOCIATION, Plaintiff–Appellee,**

v.

**NEW MEXICO STATE ENGINEER, Defendant–Appellee,**

and

**Pecos Valley Artesian Conservancy District, Interested Party–Appellant,**

v.

**Hope Community Ditch Association and New Mexico State Engineer, Defendants–Appellees.**

No. 24,393.

Court of Appeals of New Mexico.

Nov. 5, 2004.

Certiorari Denied, No. 28,969, Dec. 30, 2004.

A.J. Olsen, Sheryl L. Saavedra, Henninghausen & Olsen, L.L.P., Roswell, NM, for Appellant.

D.L. Sanders, Chief Counsel, Jonathan E. Sperber, Special Assistant Attorney General, Santa Fe, NM, for Appellee State Engineer.

Paul Bloom, White, Koch, Kelly & McCarthy, P.A., Santa Fe, NM, for Appellee Hope Community Ditch Association.

*OPINION*

PICKARD, Judge.

{1} This case is the latest in a series of cases involving appeals from decisions of the State Engineer. *See Anthony Water & Sanitation Dist. v. Turney*, 2002–NMCA–095, ¶ 3, 132 N.M. 683, 54 P.3d 87 (hereinafter *AWSD* ) ("Issues regarding the procedure to effectively appeal decisions of the State Engineer have appeared regularly on appellate court dockets over the last twenty-one years."). The unique issues in this case arise from a party's failed attempt to appeal in one court followed by that party's attempt to file a cross-appeal or other further pleading in response to another party's proper appeal in another court. The other party voluntarily dismissed its appeal, and the second court dismissed the first party's attempted cross-appeal. We affirm because State Engineer appeals must comply with the applicable statute, and neither the original, failed appeal nor the cross-appeal in this case did so. In addition, the attempted cross-appeal was barred by principles of res judicata.

## BACKGROUND

{2} Hope Community Ditch Association (Hope) filed applications with the State Engineer to change a point of diversion by drilling supplemental wells on land located partially in Chaves County and partially in Eddy County. Over the objection of Pecos Valley Artesian Conservancy District (PVACD), the State Engineer granted the application with certain restrictions and requirements. The decision was entered on January 16, 2003.

{3} On January 22, 2003, PVACD filed a de novo appeal in the district court of Chaves County (the Chaves case). PVACD served the State Engineer, but did not serve Hope. NMSA 1978, § 72–7–1(B) (1971) states,

> Appeals to the district court shall be taken by serving a notice of appeal upon the state engineer and all parties interested within thirty days after receipt by certified mail of notice of the decision, act or refusal to act. If an appeal is not timely taken, the action of the state engineer is conclusive.

On February 17, 2003, Hope filed its own de novo appeal in the district court of Eddy County (the Eddy case). All parties were properly served in the Eddy case.

{4} The State Engineer moved to dismiss the Chaves case on the ground that an interested party, Hope, was not served with the notice of appeal in a timely fashion. New Mexico appellate courts have "repeatedly held that the district court does not gain jurisdiction over such appeals unless all parties are served within the thirty-day time frame." *AWSD*, 2002–NMCA–095, ¶ 3, 132 N.M. 683, 54 P.3d 87. The Chaves County

district court dismissed the Chaves case on May 8, 2003, following a hearing on the matter held on April 22, 2003. No appeal was taken from this decision.

{5} While the Chaves case was proceeding, on March 10, 2003, PVACD filed a responsive pleading in the Eddy case, which included a statement of issues pursuant to Rule 1–074 NMRA, a cross-appeal, a counterclaim against Hope, and a cross-claim against the State Engineer. In substance, this document sought to raise the same issues that PVACD would have raised in its own appeal in the Chaves case, i.e., that the applications were defective, that the State Engineer's decision was not supported by substantial evidence and was arbitrary and capricious, and that the State Engineer's decision was contrary to the applicable water law statutes and judicial decisions. The State Engineer moved to dismiss PVACD's cross-appeal and other claims. Hope joined in this motion. Hope then moved to dismiss the Eddy case, representing that it no longer wished to pursue the appeal that it had taken. The district court granted both motions. PVACD now appeals.

## DISCUSSION

### 1. *Appeals from Decisions of the State Engineer*

■ {6} The theory behind the jurisdictional nature of the requirement of properly serving all parties to a de novo appeal from the State Engineer is that the legislature has, by statute, set forth the steps necessary to transfer the authority over a case from an administrative agency to the judicial branch. *See In re Application of Metro. Invs., Inc.,* 110 N.M. 436, 440, 796 P.2d 1132, 1136 (Ct. App.1990). "Where the legislature has established statutory steps for perfecting an appeal from an administrative proceeding, compliance with such requirements is jurisdictional." *Id.* Cases from both this Court and the Supreme Court have so held. *AWSD,* 2002–NMCA–095, ¶ 3, 132 N.M. 683, 54 P.3d 87.

[2] {7} In this case, PVACD was aggrieved by the decision of the State Engineer and wanted to appeal. According to Section 72–7–1(B), it was required to serve its notice of appeal on the State Engineer and all interested parties, including the applicant Hope, within thirty days of receipt of the State Engineer's decision or the decision of the State Engineer would be conclusive. It is undisputed that PVACD did not comply with the jurisdictional requirement of service on Hope within thirty days, either in the Chaves case or the Eddy case. PVACD cites no case in which the jurisdictional requirement of service on interested parties within thirty days was excused. Accordingly, we hold that PVACD, having failed to meet the jurisdictional requirements of its appeal from the decision of the State Engineer, was not entitled to have its appeal issues, challenging the decision of the State Engineer, heard in district court. *See* § 72–7–1(B) (indicating "conclusive" nature of action of State Engineer).

### 2. *Res Judicata*

■ {8} The form of res judicata known as claim preclusion prevents parties from relitigating claims after those claims have been litigated once. This doctrine

> applies when the second suit has the following relationship with the first suit: (1)[t]he parties must be the same, (2) the cause of action must be the same, (3) there must have been a final decision in the first suit, and (4) the first decision must have been on the merits.

*City of Sunland Park v. Macias,* 2003–NMCA–098, ¶ 18, 134 N.M. 216, 75 P.3d 816 (internal quotation marks and citation omitted). Although PVACD argues that the parties and causes of action are not the same because the Chaves case was its appeal while the Eddy case is Hope's appeal, the portion of the Eddy case that was dismissed and about which PVACD is appealing to this Court, is the portion that comprised its cross-appeal and other claims, all of which were the same challenges to the State Engineer's decision that it would raise in the Chaves case.

{9} PVACD also argues that it did not have a full and fair opportunity to litigate in the Chaves case nor was the decision in that case a final one on the merits because that case was dismissed on "technical procedural

failings, prior to the identification or litigation of any substantive issues." This argument reflects a misunderstanding of the requirements of claim preclusion. So-called technical, procedural failings, if they result in dismissal of a case with prejudice, are sufficient to provide the foundation for claim preclusion.

{10} We have ruled that a dismissal with prejudice is an adjudication on the merits for purposes of res judicata. *See, e.g., Reed v. Furr's Supermarkets, Inc.,* 2000–NMCA–091, ¶ 35, 129 N.M. 639, 11 P.3d 603. *Trujillo v. Acequia de Chamisal,* 79 N.M. 39, 439 P.2d 557 (Ct.App.1968), on which PVACD relies, is not to the contrary. The suit at issue in that case was not dismissed on the merits, and was instead dismissed for lack of standing, and therefore the denomination "with prejudice" in the order was incorrect. *Id.* at 40, 439 P.2d at 558. On the other hand, a dismissal of an appeal for failure to file a timely notice of appeal results in a dismissal with prejudice. *See Executive Sports Club, Inc. v. First Plaza Trust,* 1998–NMSC–008, ¶ 11, 125 N.M. 78, 957 P.2d 63. We have applied res judicata to preclude claims made after the same claims were dismissed in an earlier case for failure to timely prosecute. *See Carter v. Thurber,* 106 N.M. 429, 430, 432, 744 P.2d 557, 558, 560 (Ct.App. 1987). Based on these cases, the dismissal of the Chaves case was a dismissal with prejudice that operated as a final adjudication of the issues that could have been raised in that case and that operates to preclude the same issues being raised in the Eddy case presently before us on appeal.

### 3. *Other Issues*

{11} We have considered PVACD's other issues and find them to be without merit in light of our decision. Specifically, to the extent PVACD contends that it was entitled to file cross-claims and counterclaims because appeals from State Engineer decisions are de novo proceedings governed by the Rules of Civil Procedure, we need not address that contention because even if true, our decision on the preceding issues would preclude the claims under the circumstances of this case. Similarly, we need not address

PVACD's complaint that the trial court did not permit it to file findings and conclusions, nor did it file its own findings and conclusions, because the issues raised below and on appeal are legal issues based on the undisputed facts recited in the background section of this opinion. *See In re Adoption of Begay,* 107 N.M. 810, 814, 765 P.2d 1178, 1182 (Ct. App.1988) (indicating that findings and conclusions are not generally required when ruling on motions).

## CONCLUSION

{12} The district court's orders dismissing the Eddy case are affirmed.

{13} **IT IS SO ORDERED.**

WE CONCUR: JAMES J. WECHSLER, Chief Judge and RODERICK T. KENNEDY, Judge.