This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**HOUSTON WALL,**

Petitioner-Appellant,

v.                                    NO. A-1-CA-36663

**TOM BLAINE, P.E., NEW MEXICO STATE ENGINEER; BOBBY J. CARMICHAEL; HERSHAL CARMICHAEL; SHERI CARMICHAEL; SHANNON CARMICHAEL; WELDON CARMICHAEL, Deceased; KELLY A. LONG; W.T. SIMPSON; and KENNETH COX,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF ROOSEVELT COUNTY**
**Fred T. Van Soelen, District Judge**

Marion J. Craig III, Attorney at Law LLC
Marion J. Craig, III
Roswell, NM

for Appellant

William D. Teel, Attorney at Law, P.C.
William D. Teel, Special Assistant Attorney General
Corrales, NM

for Appellee Tom Blaine

Modrall Sperling Roehl Harris & Sisk PA.
Susan Miller Bisong
Christina C. Sheehan
Albuquerque, NM

for Appellees Bobby J. Carmichael; Hershal Carmichael; Sheri Carmichael; Shannon Carmichael; Weldon Carmichael, Deceased; Kelly A. Long; W.T. Simpson; and Kenneth Cox

**MEMORANDUM OPINION**

**VANZI, Judge.**

{1}     Petitioner Houston Wall has appealed from an order dismissing his appeal from a decision rendered by the Office of the State Engineer. We previously issued a notice of proposed summary disposition in which we proposed to affirm. Petitioner has filed a memorandum in opposition, and Respondents have filed memoranda in support. After due consideration, we remain unpersuaded that the district court erred. We therefore affirm.

{2}     The pertinent events and procedural history are undisputed. To very briefly reiterate, Petitioner failed to comply with the statutory service requirements set forth in NMSA 1978, § 72-7-1 (1971). This is a jurisdictional defect, which neither the district court nor this Court are at liberty to disregard. *See In re Application of Angel Fire Corp.,* 1981-NMSC-095, ¶ 5, 96 N.M. 651, 634 P.2d 202 ("Jurisdiction of the

matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with. The courts have no authority to alter the statutory scheme, cumbersome as it may be."); *El Dorado Utils., Inc. v. Galisteo Domestic Water Users Assn.*, 1995-NMCA-059, ¶ 7, 120 N.M. 165, 899 P.2d 608 ("[I]f service in accordance with Section 72-7-1(C) is not effected on all interested parties within the statutorily prescribed time period, the court has no jurisdiction to hear the case, even as to those interested parties who have been timely served."). Under the circumstances, dismissal was in order. *See, e.g., Hope Comm. Ditch Assn. v. NM State Engineer*, 2005-NMCA-002, 136 N.M. 761, 105 P.3d 314 (upholding the dismissal of an appeal and an attempted cross-appeal where the appellant failed to timely serve all interested parties with notice of appeal as required by Section 72-7-1); *Anthony Water & Sanitation Dist. v. Turney*, 2002-NMCA-095, 132 N.M. 683, 54 P.3d 87 (upholding the dismissal of an appeal where the appellant failed to accomplish all four instances of publication within thirty days in accordance with the requirements of Section 72-7-1).

{3} In his memorandum in opposition, Petitioner contends that the statutory service requirements should be deemed unconstitutional, at least as applied to the situation presented in this case, because Petitioner was unable to personally serve all of the

3

protestants, and because "service by publication is impossible." [MIO 6] As described at greater length below, we remain unpersuaded.

**{4}** Section 72-7-1( C) provides that service may be accomplished by a variety of different means, including personal service in accordance with Rule 1-004(F) NMRA, service by publication in accordance with Rule 1-004(J)-(K), or service in accordance with the specific publication procedure described within Section 72-7-1(C) (providing that "notice of appeal may be served in the same manner as a summons in civil actions brought before the district court **or** by publication . . . once a week for four consecutive weeks" (emphasis added)). *See also El Dorado*, 1995-NMCA-059, ¶ 5 (recognizing that Section 72-7-1 "provides for two modes of service—" *either* service "in accordance with law governing service in civil actions" *or* service by publication in accordance with the specific procedure subsequently described in sub-part (C)). We note that these are *alternative* methods of serving notice of appeal. *Id.* (observing that the different modes of service "are equally acceptable alternatives under the statute").

**{5}** In this case, Petitioner could have elected to serve the parties through publication pursuant to the specific procedure set forth in Section 72-7-1(C). Contrary to his assertions, [MIO 5-7] this would *not* have entailed prior approval from the district court, as that requirement is not incorporated in the specific publication

4

methodology set forth in Section 72-7-1(C). *See El Dorado*, 1995-NMCA-059, ¶ 5 (explaining that service by publication in accordance with the procedure set forth in Section 72-7-1(C) is sufficient to vest the district court with jurisdiction to hear an appeal from a decision by the state engineer "even if such service would not satisfy the requirements for service of summons in civil actions brought before the district court" (internal quotation marks omitted)). However, if Petitioner had elected to avail himself of this option, it would have been necessary for him to commence publication promptly. He did not do so. Instead, Petitioner appears to have allowed roughly three weeks to pass before making his initial effort at personal service. [MIO 2-3] When that proved to be unsuccessful, Petitioner attempted service by publication. At that juncture, service in accordance with the specific procedure described within Section 72-7-1(C) was no longer an option, because it could not be completed within the requisite timeframe. Nevertheless, Petitioner could have sought court approval of an abbreviated publication schedule pursuant to Rule 1-004(J)-(K), in order to complete the process within the statutory thirty-day period. However, we find no indication that he pursued this option. Under the circumstances, we conclude that Petitioner failed to act with due diligence. *See, e.g., Turney*, 2002-NMCA-095, ¶¶ 11-13 (observing that "[s]trict, full compliance with the service-of-notice portion of the statute has long been required by our cases[,]" and rejecting a challenge based on the difficulty of

5

compliance, where service could have been accomplished had the appellant been more efficient).

{6} We are similarly unpersuaded that service by publication has become categorically impossible. Petitioner's argument to this effect [MIO 5-8] appears to conflate the requirements associated with two separate methods of effectuating service. *See generally El Dorado Utils., Inc.*, 1995-NMCA-059, ¶ 5 (recognizing the alternative nature of the various statutorily-authorized approaches). As previously described, service *either* in accordance with the specific publication procedure set forth in Section 72-7-1(C), *or* in accordance with Rule 1-004(K), pursuant to a duly approved alternative schedule of publication, would have been viable options. In light of Petitioner's failure to diligently pursue these avenues, we reject the claim of impossibility.

{7} Accordingly, for the reasons described in the notice of proposed summary disposition, we affirm.

{8} **IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____
**MICHAEL E. VIGIL, Judge**

6

_____

**J. MILES HANISEE, Judge**