This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40646**

**PIERRE AMESTOY and LESLIE AMESTOY,**

     Plaintiffs-Appellants,

v.

**NEW MEXICO RACING COMMISSION,**

     Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Bryan Biedscheid, District Court Judge**

Eric D. Dixon
Portales, NM

for Appellants

Jackson Loman Stanford Downey
& Stevens-Block, P.C.
Eric Loman
Albuquerque, NM

for Appellee

**DISPOSITIONAL ORDER**

**HENDERSON, Judge.**

     This matter is on appeal from the district court's order dismissing Plaintiffs Pierre and Leslie Amestoy's claims for failure to exhaust their administrative remedies. For the reasons that follow, we affirm.

     1.    Plaintiffs filed a complaint alleging that Defendant, the New Mexico Racing Commission (NMRC), violated Plaintiffs' New Mexico Constitutional rights by collecting

$10,000 in fines in retaliation for Plaintiffs filing a separate, unrelated lawsuit. Additionally, Plaintiffs sought injunctive and declaratory relief regarding the enforceability of the fines. Plaintiffs alleged that in 2019 a racehorse owned by Plaintiffs was the first-place finisher in a race at the Downs Racetrack in Albuquerque, New Mexico. Allegedly, a prohibited amount of a substance was detected in the horse's blood sample taken following the race. Due to the quantity of the substance in the horse's blood sample, the NMRC Sunland Park Board of Stewards (Stewards) held a disciplinary hearing for Plaintiffs, as the horse's owners, as well as the horse's trainer. Following the hearing, the Stewards issued their initial ruling and disqualified the horse from the disputed race, suspended the trainer for fifteen days and fined him $1,500, revoked the winning purse funds, and fined Plaintiffs $5,000 each, for a total of a $10,000 fine. Plaintiffs and the trainer separately appealed the Stewards' disciplinary rulings to Defendant. However, prior to receiving a ruling from Defendant, Plaintiffs withdrew their appeal. Several years later, Defendant sought to enforce the outstanding $10,000 in fines owed by Plaintiffs. Plaintiffs paid the fines and subsequently filed the underlying lawsuit.

2. Defendant then filed a motion to dismiss Plaintiffs' claims in the alternative, for summary judgment, asserting that Plaintiffs had failed to exhaust their administrative remedies prior to filing their lawsuit. In response, Plaintiffs argued that Defendant was estopped from imposing the fines because (1) Defendant dismissed the horse trainer's appeal and reversed the sanctions against him; and (2) Plaintiffs believed the fines would not be imposed if they withdrew their administrative appeals. Additionally, Plaintiffs argued that exhaustion of their remedies would have been futile because "Defendant did not enforce its own rules [by collecting the fines] in a timely and expeditious fashion."

3. Following a hearing, the district court granted Defendant's motion. The court reasoned that the question presented by Plaintiffs' lawsuit was whether "those fines [were] lawfully imposed or not and did . . . Plaintiffs need to exhaust remedies with respect to their appeal of those fines before coming to district court to have the court declare actions related to them to be unlawful or inequitable." Based on the parties' briefing and Plaintiffs' complaint, the district court concluded that Plaintiffs had failed to exhaust their administrative remedies and accordingly dismissed their complaint.

4. On appeal, Plaintiffs argue that they did not need to exhaust their administrative remedies because Defendant did not have original jurisdiction over Plaintiffs' claims of retaliation and estoppel, and Defendant acted in excess of its statutory authority by untimely enforcing the $10,000 fines against Plaintiffs. Plaintiffs also argue that they stated a valid claim of retaliation and estoppel.

5. "Under the exhaustion of administrative remedies doctrine, where relief is available from an administrative agency, the plaintiff is ordinarily required to pursue that avenue of redress before proceeding to the courts; and until that recourse is exhausted, suit is premature and must be dismissed." *Lucero v. Bd. of Regents of Univ. of N.M.*, 2012-NMCA-055, ¶ 9, 278 P.3d 1043 (internal quotation marks and citation omitted).

"[F]ailure to exhaust administrative remedies deprives a district court of subject matter jurisdiction." *Rist v. Design Ctr. at Floor Concepts*, 2013-NMCA-109, ¶ 13, 314 P.3d 681.

6.      We have carefully reviewed the briefs, applicable law, and arguments made by the parties. We have also reviewed the entire record.

7.      We decline to review Plaintiffs' assertions of error on appeal. First, Plaintiffs argue that they were not required to exhaust their administrative remedies on their claim of retaliation and estoppel. Specifically, Plaintiffs argue that exhaustion was not available to assert that Defendant collected the fines in retaliation for Plaintiffs' exercise of their constitutional right to petition because Defendant lacked original jurisdiction over these claims. However, this argument was not raised below and was not preserved. *See Sandoval v. Baker Hughes Oilfield Operations, Inc.*, 2009-NMCA-095, ¶ 56, 146 N.M. 853, 215 P.3d 791 ("In order to preserve an issue for appeal, [an appellant] must have made a timely and specific objection that apprised the district court of the nature of the claimed error and that allows the district court to make an intelligent ruling thereon."); Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). Moreover, Plaintiffs fail to argue that an exception to the preservation requirement is applicable. *See* Rule 12-321(B) (listing exceptions to the preservation requirement). Although Plaintiffs' argument implicates the subject matter jurisdiction of the district court, *see* Rule 12-321(B)(1) (providing that the "[s]ubject matter jurisdiction of the trial . . . court may be raised at any time"), this Court has made clear that when an appellant seeks to "create jurisdiction with new arguments" on appeal, as Plaintiffs do here, preservation is not excused. *See Anthony Water & Sanitation Dist. v. Turney*, 2002-NMCA-095, ¶ 15, 132 N.M. 683, 54 P.3d 87 (construing Rule 12-216 NMRA, subsequently recompiled as Rule 12-321). Thus, we will not address this argument.

8.      Second, Plaintiffs fail to cite any relevant authority to support the proposition that Defendant acted in excess of its statutory authority by collecting the fines that had been imposed against Plaintiffs. Plaintiffs assert that Defendant was "required by its own regulations" to collect the fines thirty days after they were issued. However, the provision that Plaintiffs cite as authority simply states that "[a]ll fines imposed by the stewards shall be paid to [Defendant] within [thirty] days after the ruling is issued, unless otherwise ordered." *See* 15.2.1.9(A)(7)(f) NMAC. This regulation is unrelated to the time period in which Defendant can enforce a previously imposed fine, but rather imposes a requirement on the person or entity fined to pay the fine within a certain amount of time. Absent any citation to relevant authority on this issue, we decline to consider it further. *See Nguyen v. Bui*, 2023-NMSC-020, ¶ 19, 536 P.3d 482 ("Issues raised in appellate briefs which are unsupported by cited authority will not be reviewed by us on appeal." (internal quotation marks and citation omitted)).

9.      Finally, Plaintiffs fail to make a cognizable argument regarding their claim that Defendant was collaterally estopped from enforcing the fines against them. In their brief-in-chief, Plaintiffs summarily assert that they pleaded a valid claim of estoppel

because they understood that Defendant would not enforce the fines after Plaintiffs dismissed their administrative appeal and Defendant enforced the fines three years after the fines were imposed in retaliation for Plaintiffs filing their unrelated, separate lawsuit. This Court has no duty to review an argument that is not adequately developed. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 (declining to entertain a cursory argument that included no explanation of the party's argument and no facts that would allow this Court to evaluate the claim). Additionally, it is not until Plaintiffs' reply brief that they attempt to flesh out this argument. This Court will not review arguments that are raised or developed for the first time in a reply brief. *See Wilcox v. N.M. Bd. of Acupuncture & Oriental Med.*, 2012-NMCA-106, ¶ 15, 288 P.3d 902. Therefore we decline to further consider this argument.

10.     Based on the foregoing, we conclude that the district court did not err in dismissing Plaintiffs' claim for failure to exhaust administrative remedies. As such, we need not address Plaintiffs' remaining arguments regarding the factual sufficiency of their complaint. *See Crist v. Town of Gallup*, 1947-NMSC-012, ¶ 14, 51 N.M. 286, 183 P.2d 156 (stating that appellate courts need not address questions unnecessary for the resolution of the case), *superseded by statute on other grounds as stated in Hoover v. City of Albuquerque*, 1954-NMSC-043, ¶ 5, 58 N.M. 250, 270 P.2d 386.

11.     For these reasons, we affirm the district court's dismissal of Plaintiffs' claims for failure to exhaust their administrative remedies.

**IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JANE B. YOHALEM, Judge**