**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

GRETCHEN LYNN HULL,

     Plaintiff-Appellant,

v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

     Defendant-Appellee.

No. 03-2291
(D.C. No. CIV-03-680 WPJ/LFG)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** and **ANDERSON** , Circuit Judges, and **KANE**,** Senior District Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Gretchen Lynn Hull, appearing pro se, appeals the district court's grant of summary judgment in favor of defendant State Farm Mutual Automobile Insurance Company (State Farm) on her 42 U.S.C. § 1983 claims alleging violations of her civil rights for the suspension of her driver's license in 1997. Ms. Hull argues that the district court erred in granting summary judgment on the basis of res judicata. We review the district court's grant of summary judgment de novo, applying the same standard under Fed. R. Civ. P. 56(c) as the district court. *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998).

Federal courts apply the preclusion law of the state in which a judgment was rendered to determine the preclusive effect of that judgment in federal court. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under New Mexico law, the doctrine of res judicata requires that a plaintiff bring all of her claims against the same party in one court action if the claims arise out of the same set of operative facts. *See City of Sunland Park v. Macias*, 75 P.3d 816, 821-22 (N.M. Ct. App. 2003). "Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *Id.* at 821. Ms. Hull brought claims against State Farm in state court, which resulted in a final judgment on the merits. She then filed federal claims against State Farm

that arose out of the same set of facts. Ms. Hull's claims are therefore barred by res judicata.

Having reviewed the briefs, the record, and the applicable law pursuant to the above-mentioned standards, we conclude that the district court correctly decided this case. We therefore AFFIRM the challenged decision for the reasons stated by the district court in its Memorandum Opinion filed November 4, 2003. State Farm's "Motion for Leave to File Defendant/Respondent-Appellee's Appendix" is DENIED as moot.

Entered for the Court

Stephanie K. Seymour
Circuit Judge