This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**BOB ROSTRO,**

Plaintiff-Appellant,

v.                                                                               **No. A-1-CA-36955**

**EDDY FEDERAL CREDIT UNION,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Lee A. Kirksey, District Judge**

C. Barry Crutchfield
Lovington, NM

for Appellant

Jackson Lewis P.C.
Danny W. Jarrett
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff has appealed from an order dismissing his claims with prejudice. We previously issued a notice of proposed summary disposition in which we proposed to

affirm. Plaintiff has filed a memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2}	Plaintiff continues to argue that the federal court's dismissal of his prior complaint with prejudice should not have been given res judicata effect, because it was not a determination on the merits. [MIO 2-3] However, it is well established that "a dismissal with prejudice is an adjudication on the merits for purposes of res judicata." *Hope Cmty. Ditch Ass'n v. N.M. State Eng'r*, 2005-NMCA-002, ¶ 10, 136 N.M. 761, 105 P.3d 314; *see Kirby v. Guardian Life Ins. Co. of Am.*, 2010-NMSC-014, ¶ 66, 148 N.M. 106, 231 P.3d 87 ("[W]hen a claim has been dismissed with prejudice . . . a final valid judgment on the merits[] will be presumed so as to bar a subsequent suit against the same defendant by the same plaintiff based on the same transaction."); *State of N.M. Uninsured Empl'rs' Fund v. Gallegos*, 2017-NMCA-044, ¶ 34, 395 P.3d 533 (observing that a prior dismissal with prejudice functions as an adjudication on the merits and has res judicata effect); *Pielhau v. State Farm Mut. Auto. Ins. Co.*, 2013-NMCA-112, ¶ 10, 314 P.3d 698 ("A dismissal with prejudice is an adjudication on the merits for purposes of res judicata." (alteration, internal quotation marks, and citation omitted)).

**{3}** We understand Plaintiff to contend that we should arrive at a different result in this case because the federal district court did not consider the validity of his claims. [MIO 2-3] However, this is not a requirement. "Res judicata bars not only claims that were raised in the prior proceeding, but also claims that could have been raised." *City of Sunland Park v. Macias*, 2003-NMCA-098, ¶ 18, 134 N.M. 216, 75 P.3d 816; *see Potter v. Pierce*, 2015-NMSC-002, ¶ 1, 342 P.3d 54 ("Res judicata is a judicially created doctrine designed to promote efficiency and finality by giving a litigant only one full and fair opportunity to litigate a claim and by *precluding any later claim that could have, and should have, been brought as part of the earlier proceeding.*" (emphasis added)).

**{4}** Plaintiff also reiterates his assertion that he did not have the opportunity to litigate the underlying claims in the course of the prior proceedings. [MIO 3] *See Potter*, 2015-NMSC-002, ¶¶ 1, 10 (observing that in addition to the enumerated elements, "res judicata will preclude a . . . claim only if the claim reasonably could and should have been brought during the earlier proceeding" and this "rests on the prior opportunity to litigate" the claim in the course of the prior proceedings). However, Plaintiff provides no further explanation for his position. As we previously observed, it appears that all of the claims are related, and they could and should have

been brought in the prior action. [CN 4] *See Williams v. Mann*, 2017-NMCA-012, ¶ 13, 388 P.3d 295 (citing federal statutory law establishing that in civil actions over which the federal district courts have original jurisdiction, they also have supplemental jurisdiction over all other claims that form part of the same case or controversy); *see also Deflon v. Sawyers*, 2006-NMSC-025, ¶ 11, 139 N.M. 637, 137 P.3d 577 (discussing the federal courts' supplemental jurisdiction over state law claims asserted in conjunction with federal claims). As a result, we remain unpersuaded.

{5}     Accordingly, for the reasons stated in our notice of proposed summary disposition and above, we affirm.

{6}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**EMIL J. KIEHNE, Judge**