This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**JOE TUNIS, SHIRLEY WHEELER,
JOHN EWERT, and PATTY SALESSES,
Plaintiffs-Appellants,
v.
COUNTRY CLUB ESTATES HOMEOWNERS ASSOCIATIONS, INC.,
Defendant-Appellee.**

No. A-1-CA-35931

COURT OF APPEALS OF NEW MEXICO

February 7, 2019

APPEAL FROM THE DISTRICT COURT OF LUNA COUNTY, Daniel Viramontes, District Judge

**COUNSEL**

Scott Hulse P.C., R. Glenn Davis, Las Cruces, NM, Henry J. Paoli, El Paso, TX, for Appellants

Cervantes Scherr Legate, K. Joseph Cervantes, Las Cruces, NM, L. Helen Bennett, P.C., L. Helen Bennett, Albuquerque, NM, for Appellee

**JUDGES**

M. MONICA ZAMORA, Chief Judge. WE CONCUR: JULIE J. VARGAS, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** M. MONICA ZAMORA

**MEMORANDUM OPINION**

**ZAMORA, Chief Judge.**

**{1}** This is the second time that this case has been appealed to this Court. *See Tunis v. Country Club Estates Homeowners Ass'n Inc.*, 2014-NMCA-025, 318 P.3d 713 (*Tunis I*). In this second appeal, we address whether the district court erred in denying Plaintiffs' attorney fees incurred in pursuing their indemnification claim, sometimes called "fees on fees," and whether Plaintiffs are entitled to attorney fees on appeal. We reverse the district court's order precluding Plaintiffs' claim for attorney fees incurred in prosecuting their claim for indemnity and remand this issue to the district court for its consideration and determination of such attorney fees. In light of our holding, we also remand to the district court for its consideration and determination of Plaintiffs' attorney fees on appeal. Last, Plaintiffs' request for exemption for any potential future assessment of attorney fees imposed by Defendant is not ripe and we therefore decline to address it.

## BACKGROUND

**{2}** Because of the complex procedural background, we first set forth that background as those previous proceedings lay the rippling foundation that has given rise to the appellate issues at hand.

### Declaratory Judgment Action

**{3}** In December 2007 the Defendant Country Club Estates Homeowners Association (the Association) by its then-President, John Ewert, filed a complaint for declaratory judgment to determine which of the two competing boards was the duly elected board. The Association, a non-profit corporation, by its then president, Ewert, sought a declaration that the Association's governing board was the board headed by Ewert (the Ewert Board), rather than a purportedly newly elected board headed by Pamela Fletcher (the Fletcher Board). *Id.* ¶¶ 2, 6. The Ewert Board was unsuccessful and the Fletcher Board was determined to be the governing board. In the same action, the Fletcher Board requested attorney fees against the individual members of the Ewert Board. *Id.* ¶¶ 2, 7. Although the district court initially entered an order imposing personal liability on the Ewert Board, it subsequently entered an order relieving the individual members of the Ewert Board of personal liability and ordered the Association to pay the Fletcher Board's attorney fees. *Id.* ¶ 8. Neither party appealed this order. *Id.* We refer to this as the "declaratory judgment action."

### Tunis I

**{4}** Following the conclusion of the declaratory judgment action, Plaintiffs, who are some of the former members of the Ewert Board, filed an action against the Association for money damages to compensate them for attorney fees they incurred in the declaratory judgment action. *Tunis I,* 2014-NMCA-025, ¶ 2. Specifically, pursuant to the indemnification clause contained in the Association's bylaws, Plaintiffs sought $28,724.72 in attorney fees incurred to defend themselves against the Fletcher Board's pursuit of fees against them. *Id.* ¶ 9. The Association moved to dismiss Plaintiffs'

complaint claiming it was barred by the doctrine of res judicata. *Id.* ¶ 1. The district court agreed and dismissed Plaintiffs' complaint. *Id.* ¶¶ 1, 14. Plaintiffs appealed.

**{5}** This Court in *Tunis I* limited its review to the interpretation and application of the indemnification provision of the bylaws, concluding there were issues of fact that defeated the Fletcher Board's motion for summary judgment. *Id.* ¶¶ 29, 30. This Court remanded the matter to the district court for further proceedings.

**District Court Proceeding Following *Tunis I* Remand**

**{6}** On remand, Plaintiffs filed an amended complaint alleging breach of contract and promissory estoppel, and seeking indemnification for the attorney fees they incurred in defending against the attorney fees claim made by the Fletcher Board in the declaratory judgment action. Plaintiffs contended that, pursuant to the provision in the Association's bylaws, the Association must pay Plaintiffs' attorney fees incurred not only in the declaratory judgment action but also for the appeal in *Tunis I* and subsequent trial on remand. Following a bench trial, the district court found Plaintiffs were entitled to attorney fees incurred only in the declaratory judgment action totaling $28,724.72. The district court found that as of June 18, 2008 and on remand, it had entered an order confirming the declaration that the Fletcher Board members were the duly elected and governing board members of the Association and Plaintiffs were no longer board members performing as directors or officers of the Association. The district court also found that because Plaintiffs did not appeal this 2008 determination, they were no longer performing in their capacities as directors or officers of the Association; therefore, they could not be indemnified for any actions after June 18, 2008. We refer to this stage of the case as the "remand proceeding."

**Appeal**

**{7}** In this appeal, Plaintiffs argue that the Association is obligated under the indemnity provision of its bylaws to indemnify them for attorney fees incurred in the declaratory judgment action, *Tunis I*, and the remand proceeding based on their roles as former members of the Association's Board of Directors. We agree.

**{8}** Plaintiffs also contend that the district court erred in failing to exempt them from any potential assessments by the Association to pay for the attorney fees owed by the Association to Plaintiffs. We conclude that the Plaintiffs' potential assessment exemption is premature. As a result, this issue is not ripe and we decline to address it.

**DISCUSSION**

**I.      Plaintiffs Can Recover Attorney Fees for Bringing Their Indemnification Claim in *Tunis I* and the Remand Proceeding**

**A.      Standard of Review**

**{9}** Our review in this case is a matter of contract interpretation. In the absence of ambiguity, which the parties here do not assert, "the interpretation of language in a contract is an issue of law which we review de novo." *Krieger v. Wilson Corp.*, 2006-NMCA-034, ¶ 12, 139 N.M. 274, 131 P.3d 661. We review the award or denial of attorney fees for an abuse of discretion. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 6, 127 N.M. 654, 986 P.2d 450.

## B.   Indemnity for Attorney Fees Under New Mexico Law

**{10}** "New Mexico adheres to the so-called American rule that, absent statutory or other authority, litigants are responsible for their own attorney[] fees." *Montoya v. Villa Linda Mall, Ltd*, 1990-NMSC-053, ¶ 6, 110 N.M. 128, 793 P.2d 258. Likewise, in the insurance context, New Mexico adheres to the general rule that attorney fees for prosecuting indemnification claims are not recoverable. *Jackson Nat'l Life Ins. Co. v. Receconi*, 1992-NMSC-019, ¶¶ 51, 53, 113 N.M. 403, 827 P.2d 118. However, freedom of contract allows exceptions to these general rules if the parties so contract. *See Montoya*, 1990-NMSC-053, ¶ 6 ("Authority [to depart from the American rule] can be provided by agreement of the parties to a contract."); *United Wholesale Liquor Co. v. Brown-Forman Distillers* Corp, 1989-NMSC-030, ¶ 14, 108 N.M. 467, 775 P.2d 233 ("New Mexico also has a strong public policy of freedom to contract[.]"). NMSA 1978, Section 53-8-26 (1987) of the Nonprofit Corporation Act gives nonprofit corporations, such as the Association, the power to indemnify its officers and directors. And bylaws, such as those at issue in this case, can be used to provide such indemnification, as they are binding contracts on the association and its members. *See Yedidag v. Roswell Clinic Corp.*, 2015-NMSC-012, ¶ 46, 346 P.3d 1136 (noting medical staff bylaws are enforceable contracts).

**{11}** Plaintiffs contend that the district court erred by precluding their claim for attorney fees incurred in prosecuting the claim for indemnity in *Tunis I* and the remand proceeding. In response, the Association argues that New Mexico law bars recovery of attorney fees for pursuing enforcement of indemnification. Defendant relies on *Jackson National Life Insurance Co.*, and numerous out of state cases to support its assertion.

**{12}** *Jackson National Life Insurance Co.*, however, is not helpful to Defendant. In that case, the indemnity clause in the agency agreement between the parties provided that "the agent shall indemnify the company for any expenses, costs, causes of action, and damages resulting from or growing out of any unauthorized act or transaction by him or his employees." 1992-NMSC-019, ¶ 52. Our Supreme Court stated "as a general rule, an indemnitee is entitled to recover its reasonable attorney[] fees incurred in defense of the claim indemnified (but not those incurred in establishing the right of indemnity) as part of its damages." *Id.* ¶ 51. Applying that rule, the court held that under the agency agreement, *Jackson National Life Insurance Co.*, was entitled to recover from its agent reasonable costs in bringing the declaratory action, but not the costs incurred in seeking indemnification from the agent. *Id.* ¶ 53. The court remanded the case so the district court could "estimate as best it can the expenses for which [the agent] must indemnify *Jackson* [*National Life Insurance Co.*]." *Id.*

**{13}** Plaintiffs distinguish *Jackson National Life Insurance Co.* from the present case by differentiating the indemnification provisions at issue. Here, unlike the indemnification provision at issue in *Jackson National Life Insurance Co.*, the Association's indemnification provision provides that the Association will indemnify a director of the Association "against expenses (*including attorney*[] *fees*) actually and reasonably incurred by him or her in connection" therewith. (Emphasis added.) Plaintiffs contend and we agree that under freedom to contract principles, the indemnity provision in the present case providing for indemnification of expenses, including attorney fees, alters the general rule that parties pay their own attorney fees. *See United Wholesale Liquor Co.*, 1989-NMSC-030, ¶ 14 (recognizing "a strong public policy of freedom to contract"). Reading "every word or phrase . . . to be given meaning and significance . . . in the whole of the contract[,]" we conclude that unlike the parties in *Jackson National Life Insurance Co.*, the Association's bylaws contemplate indemnification for an officer's or director's attorney fees. *See Bank of N.M. v. Sholer*, 1984-NMSC-118, ¶ 6, 102 N.M. 78, 691 P.2d 465 ("A contract must be construed as a harmonious whole, and every word or phrase must be given meaning and significance according to its importance in the context of the whole contract."). We next turn to whether the Association's bylaws provide for attorney fees to the Plaintiffs for *Tunis I* and the remand proceeding.

## C. The Scope of the Indemnity Under the Bylaws

**{14}** "The scope of [an attorney fees provision] is defined by the parties in the contract, and a determination of what fees are authorized is a matter of contract interpretation." *Montoya*, 1990-NMSC-053, ¶ 6. The Association's bylaws state in relevant part:

> **Article IX [Section 1]. Third Party Action** The [Association] shall indemnify any person who was or is a party . . . to any . . . pending or completed action [or] suit . . . by reason of the fact that he or she is or was a director, trustee, officer, employee[,] or agent of [the Association] . . . against expenses (including attorney[] fees) . . . actually and reasonably incurred by him or her in connection with such suit, action[,] or proceeding if he or she acted in good faith and in a manner he or she reasonably believed to be in or not opposed to the best interests of the [Association.]. . .
>
> . . . .
>
> **Extent of Indemnification**. To the extent that a director, officer, employee or agent of the [Association] has been *successful on the merits or otherwise in defense of any action, suit or proceeding* referred to in sections 1 and 2 of this Article or in defense of any claim, issue or matter therein, he or she shall be indemnified against expenses (including attorney[] fees) actually and reasonably incurred by him or her in connection therewith.

(Emphasis added.)

**{15}** Here, by virtue of their positions as directors, Plaintiffs incurred fees associated with their defense of the succeeding Board's claims against them. The scope of the indemnification provision was delineated by the Association in expansive terms and provides for indemnification against expenses incurred in connection with suits or proceedings by reason of the fact that one was a director. This broad language supports a policy of ensuring that volunteer homeowner association board members would not be deterred from volunteering for fear of an impending lawsuit and personal liability. *See, e.g.*, Restatement (Third) of Agency, § 8.14 cmt. c (Am. Law Inst., Tentative Draft No. 6, 2005) ("The better view is that, absent an explicit statutory directive to the contrary, awarding 'fees on fees' is consistent with the statutory policy reflected in indemnification statutes of securing the service of personnel whose loyal focus on serving the corporation's interests will not be clouded by the fear of litigation expenses.")); *see also* § 53-8-26 (not precluding "fees on fees"). All of the expenses, including attorney fees, referenced in the indemnification provision are connected to that intent. *See Rivera v. Am. Gen. Fin. Servs., Inc.*, 2011-NMSC-033, ¶ 27, 150 N.M. 398, 259 P.3d 803 ("The purpose, meaning[,] and intent of the parties to a contract is to be deduced from the language employed by them; and where such language is not ambiguous, it is conclusive." (internal quotation marks and citation omitted)). We construe the indemnification provision in the bylaws broadly, to adhere to the drafters' inclusive intent and conclude that the indemnification provision includes Plaintiffs' claims for "fees on fees." *See Warner v. Calvert*, 2011-NMCA-028, ¶ 26, 150 N.M. 333, 258 P.3d 1125 (stating that this Court's goal in interpreting a contract is "to give effect to the intent of the parties" (internal quotation marks and citation omitted)).

**{16}** As previously noted, the district court found that any actions of Plaintiffs after June 18, 2008, were not performed in their capacities as directors or officers of the Association rendering the indemnification provision inapplicable to them. Plaintiffs assert that because the indemnity provision here includes a person who "is" or "was" a director of the Association, the phrase "was" in the Association's bylaws includes former directors of the Association like Plaintiffs. They also contend that the bylaws apply to Plaintiffs because the attorney fees stemmed from their defense of the claims raised against them in the declaratory judgment action. Since Plaintiffs were successful on the merits in pursuing a claim for indemnity under the bylaws and since they are former directors of the Association, they argue they are entitled pursuant to the bylaws to indemnification "against expenses (including attorney[] fees)" for *Tunis I* and the remand proceeding. The Association responds that the indemnification provision relied upon by Plaintiffs does not apply here because it references attorney fees in prosecution or defense of third-party claims brought by or against a director of the Association, not claims brought by former directors for indemnification. It asserts that Plaintiffs were not "compelled to bring or defend a third party claim" in the present case and thus Section 1, "Third Party Action[,]" does not apply to them.

**{17}** Initially, we note that, with respect to the declaratory judgment action, the district court found that Section I was applicable to Plaintiffs and further held that Plaintiffs' actions were "taken in good faith and based on what they reasonably believed to be in or not opposed to the best interests of [the Association]." The Association does not

challenge these determinations by the district court on appeal. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the [lower] court is binding on appeal.").

**{18}**   Turning to the application of the indemnification provision to *Tunis I* and the remand proceedings, we recognize that New Mexico "courts strive to give effect to a contract[, like the bylaws,] according to its terms." *See Centex/Worthgroup, LLC v. Worthgroup Architects, L.P.*, 2016-NMCA-013, ¶ 18, 365 P.3d 37. "We view the contract as a harmonious whole, give meaning to every provision, and accord each part of the contract its significance in light of other provisions." *Benz v. Town Ctr. Land, LLC*, 2013-NMCA-111, ¶ 31, 314 P.3d 688 (alteration, internal quotation marks, and citation omitted).

**{19}**   For the reasons that follow, we conclude that the bylaws indemnification provision encompasses Plaintiffs' pursuit of *Tunis I* and the remand proceeding. First, the bylaws cover the indemnification of former directors. The bylaws allow for indemnification in Section 1 of "any person who was or is a party or is threatened to be made a party" to any action "by reason of the fact that he or she is or was a director" of the Association "against expenses (including attorney fees) . . . actually and reasonably incurred by him or her in connection with such suit." Plaintiffs became involved in *Tunis I* and the remand proceeding as a result of fulfilling their responsibilities as challenged directors, and they remained involved as former directors. Their involvement, in other words, came about because they were directors and parties to the declaratory judgment action, and thus they fall within the terms of Section 1. This interpretation and application is consistent with Section 53-8-26, which gives non-profit corporations the power to indemnify any director "in which he is made a party by reason of being or *having been* a director[.]" (Emphasis added.)

**{20}**   Second, as already discussed, the bylaws are broad enough to cover not just attorney fees incurred in the defense of a claim that is indemnified but also attorney fees in establishing the right of indemnity. Plaintiffs were successful in defense of a claim for personal liability in the remand proceeding, they prevailed in their appeal when this Court reversed the district court's order dismissing their complaint, and they prevailed in recovering their attorney fees in the declaratory action on remand satisfying the first part of the "Extent of Indemnification" provision. Additionally, *Tunis I* and the remand proceeding are covered by the "in connection therewith" because Plaintiffs' attorney fees were reasonably incurred by the Plaintiffs in connection with seeking indemnification in all three of the defensive and successful legal proceedings.

**{21}**   The district court improperly interpreted the bylaws to exclude Plaintiffs. Even though Plaintiffs were no longer directors of the Board, they brought this action in *Tunis I* and the remand proceeding for damages in connection with their service as members of the Board. Plaintiffs successfully defended themselves against the personal liability imposed in the declaratory judgment action and the bylaws clearly provide for indemnification for such actions. We conclude that the bylaws allow for Plaintiffs' attorney fees in *Tunis I* and the remand proceeding. *See, e.g.*, *Dennison v. Marlowe*,

1989-NMSC-041, ¶ 9, 108 N.M. 524, 775 P.2d 726 (holding that the plain and unambiguous contract provision that the "prevailing party shall be entitled to . . . reasonable attorney[] fees connected therewith" included attorney fees on appeal).

**{22}**    As already noted, the district court determined that the declaratory judgment action fell within Article IX of the bylaws, and the Association has not challenged this determination. Further, although the title to Article IX Section 1 of the indemnification provision is "Third Party Action," the bylaws are broadly written to apply to any "action, suit or proceeding, whether civil, criminal, administrative or investigative," which covers the declaratory judgment action, and subsequent *Tunis I* actions.

**{23}**    Based on the facts in this case, we reverse the district court's order that Plaintiffs were not entitled to indemnification of the attorney fees they incurred in *Tunis I* and the remand proceeding under the Association's bylaws.

## D.    Determination of Plaintiffs' Attorney Fees

**{24}**    Plaintiffs ask this Court for an award of attorney fees incurred in *Tunis I* and the remand proceeding, as well as for this appeal. "Appellate courts have authority to either make an allowance of attorney fees on appeal or to remand to the lower court for that purpose." *Vinton Eppsco, Inc. of Albuquerque v. Showe Homes, Inc.*, 1981-NMSC-114, ¶ 6, 97 N.M. 225, 638 P.2d 1070; *see Dennison*, 1989-NMSC-041, ¶ 9 (concluding that the contract included attorney fees incurred on appeal and remanding for the district court to determine reasonable attorney fees incurred on appeal). Concluding that the district court is in the best position for this factual determination, we remand for the district court's determination of reasonable attorney fees incurred in *Tunis I* and the remand proceeding.

**{25}**    With respect to Plaintiff's request for attorney fees on appeal, the Association did not respond to this request for relief. Plaintiffs argue this is tantamount to a concession. Regardless, we hold that Plaintiffs are entitled to reasonable attorney fees incurred in this appeal. The central issue in this opinion was whether Plaintiffs were entitled to recover attorney fees incurred in establishing a claim of indemnity, which we have answered in the affirmative. Based on this holding, we remand for the district court's determination of reasonable attorney fees incurred in this appeal.

## E.    Plaintiffs' Request for Exemption of Potential Assessment of Attorney Fees Award Is Not Ripe

**{26}**    Plaintiffs below in their proposed findings of fact and conclusions of law asked the district court to exclude Plaintiffs from any potential assessments resulting from the Association paying Plaintiffs' attorney fees awarded by the district court. Plaintiffs maintain the argument on appeal and contend that the district court erred in failing to exempt Plaintiffs from any potential assessments. Plaintiffs assert that the district court failed "to do equity" and provide "full relief" to Plaintiffs by denying their exemption

request. In support of this argument, Plaintiffs cite to cases generally discussing equitable principles.

**{27}** The parties do not identify where in the record the district court considered this request, nor were we able to find anything. *See* Rule 12-318(A)(3) NMRA (stating that a summary or proceedings shall "contain citations to the record proper, transcript of proceedings, or exhibits supporting each factual representation"); *Benz*, 2013-NMCA-111, ¶ 24 ("To preserve an issue for review on appeal, it must appear that [the] appellant fairly invoked a ruling of the [district] court on the same grounds argued in the appellate court." (internal quotation marks and citation omitted)).

**{28}** Nonetheless, Plaintiffs' argument fails for lack of ripeness. "The basic purpose of ripeness law is and always has been to conserve judicial machinery for problems which are real and present or imminent, not to squander it on abstract or hypothetical or remote problems." *Titus v. City of Albuquerque*, 2011-NMCA-038, ¶ 44, 149 N.M. 556, 252 P.3d 780 (internal quotation marks and citation omitted). "The ripeness doctrine exists to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements." *City of Sunland Park v. Macias*, 2003-NMCA-098, ¶ 23, 134 N.M. 216, 75 P.3d 816 (internal quotation marks and citation omitted). "[A]n issue may be ripe where the threat of harm must be sufficiently direct and immediate as to render the issue appropriate for judicial review at this state." *Id.* (internal quotation marks and citation omitted).

**{29}** The ripeness analysis involves a two-pronged inquiry. We "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *N.M. Indus. Energy Consumers v. N.M. Pub. Serv. Comm'n*, 1991-NMSC-018, ¶ 25, 111 N.M. 622, 808 P.2d 592 (internal quotation marks and citation omitted). We have previously observed that the "mere possibility or even probability that a person may be adversely affected in the future by official acts" is insufficient to establish ripeness. *New Energy Econ., Inc. v. Shoobrige*, 2010-NMSC-049, ¶ 18, 149 N.M. 42, 243 P.3d 746 (internal quotation marks and citation omitted). The second step in the ripeness analysis is whether, and to what extent, the parties will endure hardship if a decision is withheld. *See N.M. Indus. Energy Consumers*, 1991-NMSC-018, ¶ 25. In this case, we are not convinced that the mere possibility of a future action—assessment of attorney fees—by the Association constitutes a hardship.

**{30}** Based on the foregoing, we conclude that the "potential assessment" of attorney fees by the Association is speculative at this point and we decline to address it on appeal.

## CONCLUSION

**{31}** We reverse the district court's order precluding Plaintiffs' claim for attorney fees incurred in establishing their claim for indemnity in *Tunis I* and the remand proceeding, and remand this issue to the district court for its consideration and determination of reasonable attorney fees. In light of our holding, we also remand to the district for its

consideration and determination of Plaintiffs' reasonable attorney fees incurred in this appeal. We decline to address Plaintiffs' request for exemption from any potential assessment of the attorney fees for lack of ripeness.

**{32}    IT IS SO ORDERED.**

**M. MONICA ZAMORA, Chief Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**JENNIFER L. ATTREP, Judge**